## CIRCUIT COURT OF FAIRFAX COUNTY

Carrubba

v.

Rose

June 1, 2004

Case No. (Chancery) 183965

BY JUDGE KATHLEEN H. MACKAY

This matter came before the Court last Friday on Complainant's motion to compel. In consideration of the applicable statutes, the motion is denied.

This case involves Ms. Carrubba's efforts to obtain an accounting of actions taken by her sister, Ms. Rose, pursuant to a power of attorney. Ms. Rose held the power of attorney on behalf of the parties' mother, Mrs. Hahne, who passed away in June 2002.

Consideration of this motion is somewhat muddied by the shifting justifications proffered by Complainant. In her memorandum in support of this motion, Complainant relied solely on the Rules of the Supreme Court to argue that relevant, unprivileged information is discoverable. Complainant also represented that her cause of action was based on Virginia Code § 8.01-31, which permits interested parties to compel accountings from fiduciaries. As pointed out by Defendant, however, Complainant does not have an interest in her mother's estate, having been disinherited under the relevant will.

At oral argument, Complainant proffered that her motion to compel was, in fact, based on Va. Code §§ 11-9.6 and 37.1-134.22. Va. Code § 11-9.6 applies to power of attorney holders whose principals are incapable of handling their affairs. That Code section entitles a deceased principal's family members to require the holder of the power to account for how the power was used in the two years preceding the principal's death. It also permits the petitioner to make reasonable inspection of relevant records kept by the power

of attorney holder. Should the respondent not reply, however, § 11-9.6 makes no provision for the petitioner to use the courts to compel a response.

Complainant seeks to overcome that deficiency by appealing to § 37.1-134.22. Section 37.1-134.22 is, in fact, referenced in § 11-9.6. However, that reference is simply for purposes of defining "person interested in the welfare of a principal who is unable to properly attend to his affairs." That section allows an unsuccessful § 11-9.6 petitioner to access the circuit courts in order to compel a response. However, that access is not unlimited. Instead, the section only permits the petitioner to obtain information pertinent to (1) the propriety of instituting a suit under the Committees and Trustees chapter of Title 37.1, or (2) terminating, suspending, or limiting the authority of an attorney-in-fact or other agent. Neither situation is implicated in this case. Defendant's status as the holder of a power of attorney did not bring her within the scope of Title 37.1, Chapter 4, which governs court-appointed conservators and guardians. Furthermore, the power of attorney ended with Mrs. Hahne's passing; it can no longer be terminated, suspended, or limited. Section 37.1-134.22, therefore, does not support Complainant's motion to compel.

The question remains, however, of whether Complainant may obtain answers to discovery under Supreme Court Rule 4:1. After all, Defendant has not demurred to the Bill of Complaint, and, therefore, this matter remains pending before the Court. Discovery, therefore, would normally be proper. However, where, as here, the legislature has narrowly defined the availability of discovery in a class of cases, this Court cannot expand that definition. Section 37.1-134.22 provides that an unsuccessful § 11-9.6 petitioner may compel discovery for two purposes; neither purpose is implicated in this case. That limitation must be read to disallow discovery for all other purposes, as any other reading would render it meaningless.

As § 37.1-134.22 does not support Complainant's discovery requests, the motion is denied. The Court is mindful that time is running out for Complainant and that the use of the different Code sections cited above is confusing. If Complainant can pull together her argument in a way that is clearer, the Court will consider a Motion to Reconsider immediately.